# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: R.G.

No. 14-1070 (Mercer County 13-JA-56)

**FILED**

March 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner, C.H., by counsel John Earl Williams Jr., appeals the Circuit Court of Mercer County's September 19, 2014, order terminating his custodial rights to R.G.[1] The Department of Health and Human Resources ("DHHR"), by counsel, S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Michael P. Cooke, filed a response on behalf of the child also supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a dispositional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, the DHHR filed an abuse and neglect petition against the child's biological mother and petitioner, her live-in boyfriend, that alleged domestic violence in the child's presence, excessive corporal punishment by the child's mother (striking the child with a television cable that left bruising), drug use, failure to provide suitable housing due to a pending eviction and lack of necessities such as bedding, and other allegations. In September of 2013, petitioner stipulated that he was the child's custodian,[3] and both he and the child's mother stipulated to child neglect resulting from the domestic violence present in the home. The circuit court granted petitioner and the child's mother post-adjudicatory improvement periods. At a review hearing in December of 2013, the DHHR reported that petitioner tested positive for illegal substances on all of his drug screens.[4] As a result, the circuit court ordered petitioner to

---

[1]Although the proceedings below and the order subject to this appeal concerned the parental and custodial rights of three adults to two children, petitioner appeals only the circuit court's order with regards to his custodial rights to R.G.

[2]Petitioner's counsel filed his brief pursuant to the United States Supreme Court of Appeals' decision in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

[3]Petitioner did not contest this classification below or on appeal.

[4]The record on appeal does not specify the illegal substances at issue on these drug screens, and the parties failed to include the transcripts of the hearing held in December of 2013

1

attend long-term, in-patient substance abuse treatment. Although it is uncontested that petitioner applied for and received a bed in an adequate substance abuse treatment program, prior to beginning that program, petitioner was arrested in February of 2014 on charges out of McDowell County of burglary and conspiracy to commit a felony. Petitioner was on probation in McDowell County at the time of his arrest, and the arrest prompted its revocation. Petitioner remained incarcerated throughout the remainder of these proceedings below.[5]

In June of 2014, the circuit court held a review hearing to consider the parties' progress. As petitioner remained incarcerated, and expected to be incarcerated for at least another year, the circuit court set the matter for a dispositional hearing as to petitioner.

In September of 2014, the circuit court held a dispositional hearing. Although petitioner remained incarcerated, he and the child's mother expressed their desire to continue their relationship. Petitioner also moved, orally, for a dispositional improvement period. The circuit court denied his motion and found that there was no reasonable likelihood that the conditions of abuse and neglect could substantially change in the near future and termination was necessary for the child's welfare. Therefore, the circuit court terminated petitioner's custodial rights to the child. This appeal followed.

This Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

---

in the record on appeal. The DHHR states in its response brief to this Court that petitioner admitted to cocaine use.

[5]Although it does not appear in the record on appeal, petitioner states in his brief to this Court that in November of 2014 the Circuit Court of McDowell County sentenced him to one to ten years of incarceration for daytime entering without breaking. Further, he states that there are charges pending against him in the State of Mississippi, but he does not elaborate on the nature of those charges.

On appeal, petitioner argues that the circuit court erred in denying his motion for a dispositional improvement period. At the outset, we note that petitioner fails to cite in the record where he made a written motion for a dispositional improvement period before the circuit court. West Virginia Code § 49–6–12(c)(1) requires motions for improvement periods to be made "in writing." However, even if the motion were properly made before the circuit court, we find no error. Although petitioner argues that he and the child's mother desired additional time for him to seek improvement, it is unclear from the record when petitioner may be released from incarceration. Further, even if released, petitioner ignores the fact that West Virginia Code § 49-6-12(c)(2) requires that, in order to obtain a dispositional improvement period, he must "demonstrate[ ], by clear and convincing evidence, that [he] is likely to fully participate in the improvement period . . . ." Here, the record is clear that petitioner could not satisfy this burden. To the contrary, during his post-adjudicatory improvement period, petitioner failed multiple drug screens; committed the felony offense of daytime entering without breaking, which resulted in his incarceration; and failed to comply with the terms of his probation in McDowell County. For these reasons, the circuit court did not err in finding that petitioner was not likely to fully participate in the improvement period and that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future.

Based upon our review of the record, we find no error in the circuit court's termination of petitioner's custodial rights. Given the facts of this case, there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future, and termination was necessary for the child's welfare and in the child's best interests. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights and responsibilities upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II